THE STATE OF FLORIDA, ex rel. OTTO C. STEGEMANN, *Relator*, vs. C. W. TOMLINSON, as City Clerk, etc., *Respondent*.

144 So. 881.

Opinion filed December 17, 1932.

Petition for rehearing denied January 16, 1933.

*Waller & Pepper* and *Herbert S. Sepler*, for Relator; *J. Harvey Robillard*, for Respondent.

PER CURIAM.—An alternative writ of mandamus herein was issued by this Court which in effect commanded the City Clerk acting as supervisor of registration of the City of Miami Beach, Florida, to note or to show cause for not noting on the registration books for a municipal election of city officers to be held on December 20, 1932, the names of all registered electors who shall have paid on or before November 26, 1932, said day being the fourth Saturday preceding the day of election, their poll or capitation taxes for the years 1930 and 1931, which it is asserted would accord with the general election laws of the State applicable to municipal elections and which general laws it is asserted are applicable notwithstanding charter provisions and ordinances authorizing the notation on the registration books of poll taxes paid to within six days of the election. A motion to quash the writ and a motion for a peremptory

writ were filed on December 17, 1932, and the Court having given the questions raised by the motions such consideration as the limited time will permit, it is ordered by the Court that the motion to quash the alternative writ be granted upon the following considerations: (1) It appears upon the argument of counsel that there is an apparent inconsistency between the Charter Act and the general election laws that are applicable to municipalities, relative to the time within which assessable poll taxes must be paid by otherwise qualified electors, and if inconsistent the charter provisions if valid would control under Section 24, Article III of the Constitution; and (2) it is stated by counsel that the relator had previously obtained from a Circuit Judge an alternative writ of mandamus in the same controversy, which alternative writ was quashed. The election being only three days off and the right to a peremptory writ of mandamus not being clear, the alternative writ is quashed.

It is so ordered.

BUFORD C.J. AND WHITFIELD, TERRELL AND BROWN, J.J., concur.